UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANGELA MINGUS,

    Plaintiff,

-VS-                                            CASE NO.: 3-16-CV-452-DJH

GLA COLLECTION COMPANY, INC.,

Defendant

_____/

## COMPLAINT

COMES NOW Plaintiff, Angela Mingus, by and through the undersigned counsel, and sues Defendant, GLA COLLECTION COMPANY, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like GLA COLLECTION COMPANY, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. Venue is proper in this District as Plaintiff resides within this District (Jefferson County, Kentucky), the violations described in this Complaint occurred in this District and the Defendant transacts business within Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jefferson County, Kentucky

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, GLA COLLECTION COMPANY, INC.(hereinafter "GLA"), is a corporation with its principal place of business located at 2630 Gleeson Lane, Louisville, KY, 40299.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

15. GLA called Plaintiff on Plaintiff's cellular telephone approximately five hundred (500) times since January 2013, in an attempt to collect a debt.

16. GLA attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

17. GLA intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and she received prerecorded messages from GLA.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (502) ***-0227 and was the called party and recipient of Defendant's calls.

20. Beginning on or about January 2013, GLA began bombarding Plaintiff's cellular telephone (502) ***-0227 in an attempt to collect a debt.

21. Defendant knowingly and/or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately January 2013 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

22. On or about January 2015 Plaintiff first requested that the calls to her cell phone cease. The Plaintiff orally revoked her consent to be called by the Defendant many more times in an effort to stop the collection calls.

23. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after January 2015 was done so after she had revoked consent.

24. Plaintiff is the regular user and carrier of the cellular telephone number (502) ***-0227 and was the called party and recipient of Defendant's auto dialer calls.

25. The auto dialer calls from Defendant came from the telephone numbers including but not limited to (502) 267-7522 and when the number is called, a pre-recorded voice answers and identifies the company as "GLA".

26. Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

27. The Plaintiff received an estimated two hundred sixty-eight (268) calls from the Defendant between the time she initially revoked her consent to be called in January 2015 and the filing of this law suit, and estimates dozens of other calls before that time period.

28. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on April 28, 2016; April 30, 2016; May 5, 2016; May 6, 2016 and May 9, 2016.

29. GLA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

30. GLA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or GLA to remove the number.

31. GLA's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to GLA they wish for the calls to stop.

32. GLA has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

33. GLA. has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

34. GLA has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

35. GLA's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

36. GLA has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

37. None of GLA's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. GLA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

39. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

**COUNT I**
**(Violation of the TCPA)**

40. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. GLA willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified GLA that she wished for the calls to stop.

42. GLA repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against GLA COLLECTION COMPANY, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FDCPA)**

43. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

44. At all times relevant to this action GLA is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

45. GLA. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

46. GLA has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

47. GLA has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

48. **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against GLA COLLECTION COMPANY, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Mark Lambert*
Mark Lambert, Esquire
BPR #: 96071
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
Attorney for Plaintiff